**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Scarborough-St. James Corporation, | Case No. 15-10625 (LSS) |
| Debtor. | Re.: Dkt. Nos. 58, 68, 70, 82, 89 |

**MEMORANDUM REGARDING MOTION TO DISMISS**

Before the Court is the *Debtor's Motion for an Order Dismissing its Chapter 11 Case* (the "Motion to Dismiss") [D.I. 58]. Upon review of the Motion to Dismiss, 67500 South Main Street, Richmond, LLC's ("Landlord") opposition thereto (the "Objection") [D.I. 68], Debtor's reply in support of the Motion to Dismiss [D.I. 70], the parties' post-hearing filings in support of their positions [D.I. 82, 89], and arguments of counsel at a hearing held on September 9, 2015, and for the reasons that follow, the Court is granting the Motion to Dismiss with certain conditions as discussed herein.

**Background**

Scarborough-St. James Corporation ("Debtor") filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Code") on March 19, 2015. Since that time, the Court has issued three substantive rulings. The first two rulings are embodied in that certain *Order Granting Landlord's Motion for Relief from the Automatic Stay and Denying Landlord's Motion for Adequate Protection* (the "Stay Relief/Adequate Protection Order") [D.I. 57]*, which issued in connection with that certain opinion of the same date (the "Opinion") [D.I. 56]. The Opinion contains an extensive discussion of the prepetition disputes between the parties, as well as the procedural posture of the bankruptcy case. Familiarity with the Opinion is presumed. The third substantive ruling, a bench ruling, granted Landlord's motion for an order (the "Rejection/Surrender Order") [D.I. 63] directing the surrender of the Shopping Center[1] after Debtor failed to assume or reject, within the time permitted to do so, that certain Amended and Restated Intermediate Lease made as of June 26, 2006 ("Lease"). Lease Rej. Hr'g Tr., 8/27/2015 [D.I. 63]. The Rejection/Surrender Order is the subject of an appeal. [D.I. 74]

Debtor has now filed the Motion to Dismiss pursuant to 11 U.S.C. § 1112(b)(1).[2] Debtor argues that because of the relief granted by this Court (as set forth above) "there is no remaining

---

[1] That certain Shopping Center located in Richmond, Michigan.

[2] The Motion to Dismiss was filed one day after the Court granted Landlord's motion for relief from the automatic stay.

purpose to be served by having the Debtor remain in the bankruptcy case." Mot. to Dismiss ¶ 10. Debtor further argues that if this case is permitted to stay open, administrative expenses will continue to accrue, including attorney's fees and fees owed to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).[3] Id. ¶¶ 10-11. Debtor also asserts that it is in the best interest of the estate and all of its creditors that this case be dismissed. Id. ¶ 13.

While Landlord states that cause does not exist to dismiss this case, Landlord's real concern is that it not be disadvantaged by Debtor's foray into the bankruptcy arena. The petition was filed on the eve of state court litigation, which Landlord asserts would have resulted in Debtor's eviction from the Shopping Center based on a prepetition termination of the Lease. Obj. ¶ 1. Landlord also asserts that dismissal would harm it because it has gained various rights during this case. Id. ¶ 3.

**Discussion**

Section 1112(b)(1) provides, in relevant part, that:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. §1112(b)(1). "Cause" is a flexible standard, and the examples listed in subsection (b)(4) are not exhaustive. *Inwood Heights Housing Development Fund Corporation*, 2011 WL 3793324, at *6 (Bankr. S.D.N.Y. Aug. 25, 2011). Once the Court finds that "cause" exists, dismissal or conversion is necessary, *In re Riverbend Community*, 2012 WL 1030340, at *3 (Bankr. D. Del. Mar. 23, 2012), except in the limited circumstances described below, which do not exist here.

Based on the circumstances of this case, including the findings in the Court's previous rulings, cause exists to dismiss this case. Here, we have a two-party dispute[4] between Debtor and Landlord regarding which of the parties is entitled to the rents from the Shopping Center, which are Debtor's only asset of any real value. That dispute is being played out in Michigan and New York state courts. The Court previously granted relief from stay to permit the litigation in Michigan to go forward, finding, *inter alia*, that Landlord is likely to prevail in that litigation.

---

[3] During the August 27, 2015 Lease Rejection Hearing, Landlord's counsel stated that Landlord would consent to use of rents collected by Debtor to pay fees owed under 11 U.S.C. § 1930(a)(6). Lease Rej. Hr'g Tr. 37: 13-23.

[4] *See* D.I. 56 at 7-8. Further, there is no committee of unsecured creditors in this case nor has any creditor, other than Landlord, participated in this case.

As such, cause exists to dismiss this case because it is unlikely that Debtor will be able to rehabilitate.

Further, the Court finds that the other options available under section 1112 are inappropriate. First, Landlord did not ask this Court to convert the case or to appoint a trustee, and the Court sees no benefit in either of those options. Because the Lease has been rejected, there would be very little (if anything) for a trustee—whether in chapter 7 or 11—to administer. Additionally, conversion would increase the costs to the estate without any foreseeable benefit to the estate or creditors. Second, while section 1112(b)(2) permits the Court to deny a motion to dismiss or convert, the Court may do so only if it finds that: (i) there are "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate;" and (ii) there is a reasonable likelihood that a plan will be confirmed within the timeframe established in section 1121(e). 11 U.S.C. § 1112(b)(2)(A)-(B). This timeframe passed without a plan being proposed, and in any event, Landlord did not present evidence that any plan could be confirmed in the future, near or far.[5]

Notwithstanding that cause exists to dismiss this case, cause also exists to condition the effect of the dismissal as permitted under 11 U.S.C. § 349(a). Section 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). Pursuant to section 349(a), a court may prohibit a debtor from filing future bankruptcy petitions. *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (section 349(a) permits a bankruptcy court to prohibit filing of future petitions, as does section 105(a)).

As stated above, Debtor filed the bankruptcy case on the eve of a Michigan State Court hearing regarding termination of the Lease. Notwithstanding the filing of the bankruptcy case, Debtor, in violation of the automatic stay, removed the state court proceeding to the United States District Court for the Eastern District of Michigan. The timing of the filing together with the violation of the stay gives Debtor an unfair advantage in the continuation of the disputes outside of this Court. No creditor, including Landlord, should be disadvantaged because of Debtor's decisions to both file a petition and seek dismissal of this case. Accordingly, to give Landlord an opportunity to have its matter heard before the Michigan State Court (and to prevent a subsequent bankruptcy prior to that occurrence), the Court will prohibit Debtor from filing another bankruptcy petition for a period of four months from the entry of the Order dismissing

---

[5] Failure to file a disclosure statement and a plan within the statutory timeframe also constitutes "cause" for dismissal. 11 U.S.C. § 1112(b)(4)(J).

this case. *See In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 304 (Bankr. D. Del. 2011) (after finding that the debtor initiated its chapter 11 case in a bad faith attempt to forestall the foreclosure sale of its only asset, the court, under section 349(a), dismissed the case "with prejudice."); *Cf. In re Riverbend Community, LLC*, 2012 WL 1030340 (dismissing the case with prejudice and enjoining the filing of another bankruptcy case until after a foreclosure sale occurred); *Inwood Heights*, 2011 WL 3793324 (entry of order dismissing the case held in abeyance until a foreclosure sale was completed).

Finally, during the hearing on the Motion to Dismiss, the parties addressed the Court regarding the effect of section 349 on the orders already entered in this case, and in particular the Rejection/Surrender Order.  Section 349(b) provides that "[u]nless the court, for cause, orders otherwise, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Somewhat surprisingly, Debtor's counsel took the position that the Rejection/Surrender Order amounted to a termination of the Lease, Mot. to Dismiss Hr'g Tr. 25: 7-11; 26:22-24, Sept 9, 2015 [D.I. 78], but that on a dismissal without conditions, the Lease would revest in Debtor.[6] *Id.* at 6: 15-17; 7: 3-4.  In its post-hearing submission, Debtor reversed its course and accepted the position espoused in Landlord's post-hearing submission, that dismissal of this bankruptcy case would not revest Debtor's possessory interest in the Shopping Center (thus, impliedly taking the position that rejection does not equate to termination). *Debtor's Letter regarding Post-Hearing Submission* at 2 [D.I. 89].

Rejection of a contract is a debtor's determination not to perform its obligations under the contract. *In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 277 (Bankr. S.D.N.Y. 2013) ("Rejection signifies that the debtor will breach the contract and not perform.").  As such, rejection equates to a breach of the contract, not a termination.  11 U.S.C. § 365(g); *see also In re Overseas Shipholding*, 2015 WL 3475727, at *2-3 (Bankr. D. Del. June 1, 2015) (rejection of a lease is a breach, not a termination); *In re Teleglobe Commc'n Corp.*, 304 B.R. 79 (D. Del. 2004) (same);[7] *Eastover Bank for Savings v. Austin Dev. Co. (In re Austin Dev. Co.)*, 19 F.3d 1077, 1082 (5th Cir. 1994) ("Rejection is treated as a breach to preserve the rights of the party whose lease with the debtor has been rejected by providing a prepetition claim; if rejection were deemed a complete, immediate termination, it is not clear what the measure of the creditor's claim would be."); *Miller v. Chateau Cmtys., Inc. (In re Miller)*, 282 F.3d 874, 878 (6th Cir. 2002)

---

[6] Debtor's counsel also represented to the Court that Debtor would not interfere with Landlord's collection of the rents and management of the Shopping Center while litigation is pending in Michigan and New York. Mot. to Dismiss Hr'g Tr. 31: 2-4.

[7] Of note, the *Teleglobe* court distinguished and clarified its earlier decision in *Chatlos Systems. Inc. v. Kaplan*, 147 B.R. 96 (D. Del. 1992), a case Landlord relied on at argument. *Teleglobe*, 304 B.R. at 84. As Judge Robinson explained, the distinction between breach and termination was not at issue in *Chatlos*. *Id.* at 84 n.3. Further, unlike in *Chatlos*, in the case *sub judice*, rights of subtenants have not been at issue.

("Rejection of debtor's lease under § 365(d)(1) constituted a breach of the lease. Any claim arising from this breach is deemed to have arisen pre-petition. § 502(g)."). Further, upon rejection of a lease of nonresidential real property, the trustee shall "immediately surrender that nonresidential real property to the lessor." 11 U.S.C. § 365(d)(4)(A). Accordingly, the Rejection/Surrender Order provides that "[t]he Debtor is directed to immediately surrender possession of the Shopping Center to the Landlord." Rejection/Surrender Order ¶ 3.

There appears to be scant law on the application of section 349(b) to rejected leases. The two decisions cited by the parties both hold that the rejection of a lease pursuant to section 365(d)(4) terminates a lessee's possessory rights in leased premises and that those rights remain terminated notwithstanding the dismissal of the bankruptcy case; the reasoning of these two cases, however, is different. In *In re Tri-Glied, Ltd.*, 179 B.R. 1014, 1021 (Bankr. E.D.N.Y. 1995), the court ruled that the property that revests pursuant to section 349(b)(3) is the property that is part of the estate at the time of dismissal. Because the deemed rejection of a lease terminates a debtor's possessory right to the leased premises, that possessory right is no longer property of the estate at the time of dismissal and it cannot revest in a debtor. *Id.* In *In re BSL Operating Corp.*, 57 B.R. 945 (Bankr. S.D.N.Y. 1986), the court ruled that the dismissal of a case affects an order only if it was entered under one of the specific Bankruptcy Code sections enumerated in section 349(b). Because section 365 is not one of those sections, orders entered under section 365 are unaffected by dismissal of a case. *Id.* at 952. Under either of the above theories, the Rejection/Surrender Order survives the dismissal of this case, as will the consequences, if any, attendant to Debtor's rejection/breach of the Lease.

As to the relief granted in the Stay Relief/Adequate Protection Order, it, too, will be unaffected by the dismissal of the case for any, or all, of three reasons. First, the Stay Relief/Adequate Protection Order was not entered under one of the enumerated provisions of the Code enumerated in section 349(b)(2), and as such, the order will not be vacated upon dismissal. *BSL Operating, supra.* Second, the "property of the estate" that will revest in the Debtor will be that determined by the Court in the Stay Relief/Adequate Protection Order. As discussed in the Opinion, the Michigan State Court entered that certain Modified Interim Order Awarding Injunctive Relief ("Modified Interim Order") five months prior to the filing of the bankruptcy prepetition.[8] The Modified Interim Order places certain restrictions on Debtor with respect to the Shopping Center and the use of rents collected from tenants of the Shopping Center. *Opinion* at 6-7. Debtor alternatively argued that the Court should ignore the Modified Interim Order, that it expired within 14 days of its issuance, or that the Court should vacate the Modified Interim Order. *Id.* at 14-15. After considering each of these arguments, the Court ruled that the Modified Interim Order remained in place post-bankruptcy and continued to restrict use of the rents as set forth therein. *Id.* at 15-16. Specifically, the Court found that "the rents are limited in the hands of the debtor-in-possession as they were limited in the hands of the debtor." *Id.* at 16. The Court also found that the restrictions in the Modified Interim Order acted as adequate protection for Landlord to the extent it had an equitable interest in the Shopping Center. *Id.* at 16-17. Accordingly, the property of the estate that exists at the time of the dismissal order (and

---

[8] The Michigan State Court also entered its Interim Order Preserving Status Quo on September 22, 2014.

which in this instance also existed prepetition) will be the rents as restricted by the Modified Interim Order.  As such, that is the interest that will revest in Debtor.[9]  *Tri-Glied, supra.*

Finally, Landlord would be prejudiced by the dismissal if the Court's decision regarding the Modified Interim Order were vacated and Debtor were to, once again, take the position that the Modified Interim Order was not in effect.  Thus, cause exists under section 349(b) to condition the dismissal of the case.

In order to ensure that a court in a subsequent bankruptcy proceeding need not guess at what this Court ordered, the Order dismissing this case will specifically provide that each substantive order entered in this case (i.e., D.I. 57, 63) will survive and be in full force and effect after dismissal.

**Conclusion**

For the foregoing reasons, this case will be dismissed subject to the conditions set forth above.  An appropriate order will be entered.

September 24, 2015
Wilmington, Delaware

Laurie Selber Silverstein
United States Bankruptcy Judge

---

[9] Of course, the Debtor is free to seek relief from the Michigan State Court with respect to its order.

6